PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT LEWIS HILLS BEY, | ) | |
| | ) | CASE NO. 4:17CV2186 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JOHN AND JANE DOES, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

## I. Background

*Pro se* Plaintiff Robert Lewis Hills Bey filed this action asking the Court to decree him to be the heir, owner, and beneficiary of himself against all other claims against him under the authority of the Treaty of Peace and Friendship, the Fifth Amendment to the United States Constitution, and "all other treaties made with the Aboriginal Mu'urs/American Natives of the Americas including but not limited to [the] Camp Holmes Treaty of 1835." ECF No. 1 at PageID #: 2. The Complaint contains no factual allegations and no discernable legal claims against any Defendants.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

## II. Discussion

In every federal case, the party bringing the suit has the burden to establish standing to invoke the Court's jurisdiction. "In essence the question of standing is whether the litigant is

(4:17CV2186)

entitled to have the Court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In order to establish standing to bring a case in federal court, a plaintiff must plead three elements. First, plaintiff must allege facts demonstrating he personally has suffered "an injury-in-fact" that is "concrete and particularized," and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Second, plaintiff must allege facts that reasonably demonstrate traceability between that injury and the challenged action of the defendant. *Id.* Finally, plaintiff must show a likelihood, as opposed to mere speculation, that "the injury will be redressed by a favorable decision" by a federal court. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000).

In this case, Plaintiff (1) has not identified a concrete, particular injury, (2) has not identified a specific Defendant who caused this injury, (3) has not asserted a legal claim that provides a basis for relief for that injury, and (4) seeks relief that will not address any dispute or concrete issue. Thus, he has not invoked the Court's Article III jurisdiction.

"[A] district court may, at any time, *sua sponte* dismiss a Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a Complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 436-37 (1974)); *see also Hassink v. Mottl*, 47 F.App'x. 753, 755 (6th Cir. 2002) (holding that district court properly dismissed the case *sua sponte* for lack of subject matter jurisdiction where the plaintiff's complaint lacked an arguable basis in law).

2

(4:17CV2186)

Because standing to prosecute an action is a necessary element to invoke the Court's subject matter jurisdiction, this action is dismissed. See *Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 631 (6th Cir. 2015) (stating that if a plaintiff does not have standing to bring a case, the court lacks jurisdiction and must dismiss the case).

### III. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted, and this action is dismissed for lack of jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| February 28, 2018 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |